IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-48(2) |
| Plaintiff, | : | |
| v. | : | Judge Susan J. Dlott |
| | : | **ENDS OF JUSTICE ORDER** |
| LUIS DAVID PEREZ-BELTRAN, | : | |
| Defendant. | : | |

The Court held a status conference in this matter on August 29, 2022. At the status conference, counsel for Defendant, Luis David Perez-Beltran, advised the Court that Defendant has been unable to obtain necessary mental health treatment and that as a result, counsel has been unable to sufficiently discuss with Defendant whether he wishes to plea or proceed to trial. Counsel for Defendant stated that he believed that an additional 60 days would provide enough time for his client to receive the necessary treatment and for him to discuss fully with his client how he wishes to proceed.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance

. . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied all counsel are exercising due diligence in this matter. However, additional time is required for Defendant to undergo mental health treatment and to allow Defendant to consult with counsel regarding whether or not to plea. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

Accordingly, the Court **SETS** this matter for a telephone status conference on **October 27, 2022 at 10:00 a.m.** The days from August 29, 2022 to October 27, 2022 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED**.

_Susan J. Dlott_
Judge Susan J. Dlott
United States District Court